## ROBINSON v. WHITE et al.

### (District Court, D. Indiana. June 30, 1899.)

### No. 5,950.

1. BANKRUPTCY—SUITS BY TRUSTEES—JURISDICTION OF STATE AND FEDERAL COURTS.

In actions by trustees in bankruptcy to set aside fraudulent conveyances, assignments, or transfers by the bankrupt on the ground of their being void at common law, or as being in contravention of the bankruptcy act, the state courts and the district courts of the United States, as courts of bankruptcy, have concurrent jurisdiction; and the court which first takes cognizance of such action will have the right to dispose of it finally to the exclusion of the other.

2. SAME—RES JUDICATA.

Where a trustee in bankruptcy brought an action in a state court to set aside certain fraudulent conveyances by the bankrupt and certain judgments against him, and recovered judgment therein, but, being doubtful of the jurisdiction of the state court, brought a bill in the court of bankruptcy to obtain a decree for the same purpose and between the same parties, *held*, that the judgment of the state court was conclusive on the bankruptcy court, and would not be there reviewed or revised, and the bill must be dismissed.

In Equity. On demurrer to bill.

Willis Hickam, for complainant.

Inman H. Fowler, Lamb & Beasley, Henry C. Jordan, John L. Duncan, Cyrus E. Davis, and Morris, Newberger & Curtis, for defendants.

BAKER, District Judge. This is a bill in equity, filed by the complainant as trustee of the bankrupt for the purpose of setting aside various conveyances, transfers, and judgments alleged to have been made and suffered by the bankrupt for the purpose of cheating, hindering, and delaying the creditors of the bankrupt, and in fraud of the bankrupt act. It further proceeds to state the institution of a suit brought by a large number of the creditors against the parties who had received such conveyances, transfers, and judgments fraudulently for the purpose of setting them aside and subjecting the property so conveyed and transferred to the satisfaction of their claims, and the appointment of the present trustee as a receiver by the circuit court of Owen county, Ind. The complaint further shows that after the institution of this suit and the appointment of a receiver, James F. Davis was adjudged a bankrupt by this court on his own petition, and that the said John C. Robinson, receiver under appointment of the circuit court of Owen county was chosen trustee by the creditors of the bankrupt. The complaint further shows the institution of a suit in the Owen circuit court by the trustee for the purpose of setting aside the various conveyances, transfers, and judgments which were sought to be set aside in the creditors' bill pending in said court on behalf of the creditors. It further shows the consolidation of the suit brought by the creditors with the suit brought by the trustee, and that upon issues duly formed in such consolidated suit a trial was had, and a judgment obtained in the Owen circuit court adjudging fraudulent and void a large number of

the conveyances, transfers, and judgments so sought to be set aside, and refusing as to certain matters to find that they ought to be set aside as fraudulent and void. The object of this suit is to procure a decree for the same purpose and between the same parties as the decree obtained in the Owen circuit court, on the ground that there is doubt whether the Owen circuit court had jurisdiction of the subject-matter and of the parties. In the complaint reference is made to the decision of this court in the case of Carter v. Hobbs, reported in 92 Fed. 594. The court did not mean, by anything decided in that case, to cast any doubt upon the jurisdiction of the courts of this state to entertain jurisdiction and try suits for any cause of action whatever brought by the trustee of a bankrupt against parties who fraudulently or otherwise were in possession of any portion of the bankrupt's estate, or who were indebted to the bankrupt. The sole question considered in the case of Carter v. Hobbs, supra, was whether or not jurisdiction over such causes of action was exclusively in the courts of the state, and the court was of the opinion that in causes of action growing out of fraudulent assignments, conveyances, or transfers this court had jurisdiction co-ordinate with the courts of the state of suits brought by the trustee for the purpose of setting them aside on the ground that they were fraudulent and void either at common law or under the bankruptcy act. All that the court affirmed in that case was that in such cases as that upon which the decision in the case of Carter v. Hobbs was rendered the district court, as a court of bankruptcy, had concurrent jurisdiction with the courts of the state. This court has never entertained any doubt that the courts of the state were invested with complete and plenary jurisdiction over fraudulent transfers and conveyances concurrent with this court, and that whichever of the two courts first took cognizance of the case had the right finally and exclusively to dispose of the same. In my opinion, there is no doubt whatever that the Owen circuit court had jurisdiction over the parties and of the subject-matter, and that its decision in the case is conclusive, and can only be reviewed for error in the supreme court of the state. This court disclaims all authority and power to revise collaterally the judgment of a court of co-ordinate jurisdiction which has taken cognizance of a cause, and has tried and disposed of the same. The judgment of the Owen circuit court, in the opinion of this court, until reversed by the supreme court of the state, is binding and conclusive alike upon the parties and upon this court. While it is true that the complaint states facts sufficient in the former portion of it to constitute a good cause of action, the latter portion of the complaint shows that the cause of action so stated has passed into judgment in a court of competent jurisdiction. It is well settled that where a complaint in one part states a good cause of action, and in another part of it states matter which constitutes a complete bar, it will be bad on demurrer. The demurrer must be sustained, and the bill dismissed, at the costs of the complainant.