**STRATON et al., Special Com'rs, v. NEW et al.**

No. 2847.

Circuit Court of Appeals, Fourth Circuit.

May 1, 1931.

Randolph Bias, of Williamson, W. Va., for appellant.

Arthur F. Kingdon, of Bluefield, W. Va. (E. A. Hansbarger, of Williamson, W. Va., on the brief), for appellees.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

**PER CURIAM.**

This is an appeal from an order entered in the bankruptcy proceedings of the Fall Branch Coal Company enjoining commissioners, appointed by a West Virginia state court, from proceeding with the sale of certain property of the bankrupt as ordered by the decree of that court. The petitioners in the court below, upon whose plea the injunction was granted, were the trustees in bankruptcy of the coal company, the First National Bank of Bluefield, and one Edwin Mann; the last two being holders of mortgages or deeds of trust upon the coal company's property. The petition set forth that the commissioners were advertising for sale only the property of bankrupt situate in West Virginia; that it would be advantageous to all parties to have this property sold in connection with property of bankrupt situate in Kentucky; that the bankruptcy court had exclusive jurisdiction to make the sale; and that Mr. Bias, one of the commissioners, had consented to its jurisdiction by proving claims at the first meeting of creditors, participating in the election of a trustee, and otherwise taking part in the bankruptcy proceedings. The commissioners, in their answer, denied the right of the District Court to enjoin the proceedings in the state court, and, from the order awarding the injunction, appealed.

The facts with regard to the suit in the state court are as follows: One Paul Z. Alley, on April 11, 1927, obtained a judgment against the coal company in the circuit court of Mingo county, W. Va., which was duly docketed on May 5, 1927, in the county clerk's office, and thereupon became a lien upon its real estate situate in that county. On February 20, 1928, he filed in that court against the coal company a judgment creditors' suit, making parties thereto all creditors having liens upon its real estate, including the First National Bank of Bluefield and Edwin Mann, and asked that the liens and assets be marshaled and that the real estate of the coal company in Mingo county be sold and the proceeds thereof be distributed among the lien claimants in accordance with their respective rights. The cause was duly matured, and at the April term, 1928, was referred to a commissioner in chancery to report the real estate owned by the coal company and the liens thereon. At the July term, 1928, the commissioner made his report, and thereupon three commissioners were appointed to make sale of the property. On August 4, 1928, sixteen months after the rendition of one of

Alley's judgments and five and one-half months after the filing of the creditors' bill, the coal company filed its voluntary petition in bankruptcy; and on October 11th following, while the commissioners of the state court were proceeding to carry out its order of sale, the trustee in bankruptcy with the First National Bank of Bluefield and Edwin Mann filed the petition to enjoin them from proceeding further.

Upon a disagreement of the judges of this court the following question was certified to the Supreme Court, viz.: "Where creditors have obtained and docketed judgments constituting liens on the real estate of defendant, and have instituted a creditors' suit in a state court to marshal and enforce the liens and sell the real estate subject thereto, does the bankruptcy of defendant occurring more than four months after the institution of the creditors' suit oust the state court of jurisdiction, or vest in the court of bankruptcy power to enjoin further proceedings in the state court?"

■ The Supreme Court has answered this question in the negative. Straton et al. v. New, Jr., et al., 51 S. Ct. 465, 75 L. Ed. ——.

■ The argument that the state court lost its jurisdiction because one of its commissioners, as attorney for creditors of the bankrupt, including the lien creditors who had instituted the suit in the state court, filed claims in their behalf and participated in the first meeting of creditors, is without merit. The bankrupt estate owned property other than that involved in the litigation in the state court. A creditor had the right to file his claim against the estate notwithstanding he was interested in the state court litigation, and certainly the filing of such claim did not operate to deprive the state court of jurisdiction or to a consent that the bankruptcy court should enjoin proceedings therein. Pickens v. Roy, 187 U. S. 177, 180, 23 S. Ct. 78, 47 L. Ed. 128; Pickens v. Dent (C. C. A. 4th) 106 F. 653, 657.

For the reasons stated, there was error in granting the injunction restraining the commissioners of the state court from proceeding with the sale in accordance with its decree, and the order granting the injunction is accordingly reversed.

Reversed.

NOTE.—Judge WADDILL, who sat in the hearing of this case, died before the case was decided and did not participate in the decision.