**In re ZAEPFEL & RUSSELL, Inc.**

No. 13601.

District Court, W. D. Kentucky, Louisville Division.

Aug. 9, 1941.

J. H. Gold, of Louisville, Ky., for Trinity Universal Ins. Co.

Burwell K. Marshall, of Louisville, Ky., for New York Casualty Co.

D. E. Wooldridge, of LaGrange, Ky., for First State Bank of LaGrange.

M. J. Hennessey, of Augusta, Ky., for Farmers State Bank of Augusta.

Peter, Heyburn, Marshall & Wyatt, of Louisville, Ky., for First Kentucky Fire Ins. Co.

MILLER, District Judge.

This matter is before the Court on various petitions to review the order of the Referee entered on March 12th, 1941, which sustained the claims of the New York Casualty Company and the Trinity Universal Insurance Company, and overruled the claims of the First State Bank of LaGrange, Kentucky, the Farmers State Bank of Augusta, Kentucky, and the First Kentucky Fire Insurance Company.

710

■■ The question of priority between the claims of the surety companies and the claims of the banks depends upon whether we follow the rule adopted by the Federal Courts or the rule announced by the Court of Appeals of Kentucky. The federal decisions hold that the right of the surety company to subrogation upon payment of the claims against the contractor is superior to the claim of the bank who has loaned money to the contractor for the purpose of paying for labor and material going into the construction of the building. Prairie State National Bank v. United States, 164 U.S. 227, 17 S.Ct. 142, 41 L.Ed. 412; Henningsen v. United States F. & G. Co., 208 U.S. 404, 28 S.Ct. 389, 52 L.Ed. 547; Farmers' Bank v. Hays, 6 Cir., 58 F.2d 34.

The Court of Appeals of Kentucky has upheld the priority of the claim of the bank. Movl Construction Co. v. Covington Trust & Banking Co., 258 Ky. 485, 80 S. W.2d 560; Southern Exchange Bank v. American Surety Co., 284 Ky. 251, 144 S. W.2d 203.

The rule announced in the case of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, is not applicable to the consideration of facts in a bankruptcy proceeding. In re Avery, 6 Cir., 114 F.2d 768. The allowance of the claim of the surety is governed by the Bankruptcy Act, § 57, sub. i, Section 93, sub. i, Title 11 U.S.C.A. The order of the Referee giving priority to the claims of the Trinity Universal Insurance Company and the New York Casualty Company over the claims of the Farmers State Bank of Augusta and the First State Bank of La-Grange is affirmed.

■■ The First Kentucky Fire Insurance Company and Sauer Insurance Agency furnished policies of Workman's Compensation and Public Liability Insurance on the two projects, the premiums for which were not paid. These creditors seek preferred claims and object to the allowance of a lien against the unpaid balances in favor of the surety companies, contending that (a) their claims are statutory liens under the provisions of Sections 2492–2494, Kentucky Statutes, and (b) they have such priority by the terms of the bonds executed by the bankrupt and its respective sureties. Section 2492, Kentucky Statutes provides a lien in favor of persons who "furnish labor, material or supplies for the construction" of a public improvement. An insurance premium is neither labor, material nor supplies as the terms are defined in Section 2495-2 of the Kentucky Statutes. Irrespective of this section of the statute, the purpose of the Act, namely, the protection of laborers and materialmen, does not permit a construction broad enough to include such a claim. In re Louisville Daily News & Enquirer, D.C.W.D.Ky., 20 F. Supp. 465; United States, etc., v. Standard Surety & Casualty Co., D.C.S.D.N.Y., 32 F.Supp. 836, following ruling of Circuit Court of Appeals, 2nd Circuit, without opinion, in United States, etc., v. Rego Building Corp., 87 F.2d 1021.

■■ Paragraph 29 of "Instructions to Bidders" required the contractor to furnish bond for the faithful performance of the contract and as security for the payment of all persons performing labor and furnishing materials in connection with the contract. Article 30 of the General Conditions requires the contractor to furnish bond covering the faithful performance of the contract and the payment of all obligations arising thereunder. Article 30 is much broader than Paragraph 29. The "Instructions to Bidders" provide that in case of conflicting provisions, Paragraphs 29 to 56 inclusive shall govern and control. The bond as executed should therefore be construed according to the provisions of Paragraph 29. It provided that the bankrupt (and the surety) should pay obligations incurred on account of labor and materials used in connection with the performance of the contract, and all such other obligations of every form, nature and character, and save harmless the owner from all and any liability of every nature, kind and character. The purpose of the bond was to protect the owner and save him harmless, not to provide additional remedies or causes of action for creditors of the contractor. Accordingly, we construe the phrase "all such other obligations of every form, nature and character" as meaning such obligations as would be liens or valid claims against the owner, such as claims for labor and material. The word "such" can not be ignored, as would have to be the case if we accepted the construction urged by the insurance companies. The condition of the bond, that the owner be saved harmless, has been performed. The insurance premiums are general claims only against the estate, and do not operate against the surety companies' right to subrogation.

The Referee's order of March 12, 1941, is affirmed, the various petitions for review are dismissed.