# Commonwealth, on Behalf of Unemployment Compensation Commission, v. Durham et al.

April 24, 1942.

Hubert Meredith, Attorney General, and Robert B. Hensley and Edward Carlick for appellant.

Golden & Lay for appellees.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

The Unemployment Compensation Act (hereinafter referred to as the Act) passed by the 1936 General Assembly, which was re-enacted in 1938 and amended in 1940, now Section 4748g-8, Baldwin's 1941 Supplement, provides a lien exists on all property of the employer in favor of the Unemployment Compensation Commission (hereinafter referred to as the Commission) to secure the payment of the contributions Section 4748g-7 of the Act requires the employer to make to the Commission. This appeal presents the narrow question of whether or not such lien is superior to the lien given by Section 4912, Kentucky Statutes, on the employer's assets to secure workmen compensation awards, and superior to the lien given by Sections 2487 and 2488, Kentucky Statutes, to secure laborers' wages.

The Hignite Coal Corporation (hereinafter called the Company) went into receivership and failed to make the contributions to the Commission for the years 1936 to 1939, inclusive, and the first three months of 1940, required by the Act, which with penalties aggregate $9,171.51. The Company owed Bessie Ellison Witt and her son, Floyd Ellison, a balance of $2,106.39 due them on a judgment of the Bell Circuit Court entered under Section 4939, Kentucky Statutes, upon an award made in

their favor by the Workmen's Compensation Board for the death of her husband and his father, which judgment is secured by a lien under Section 4912. Certain laborers. asserted liens against the assets of the Company under Sections 2487 and 2488 for six months' wages.

The lien asserted by the Commonwealth on behalf of the Commission against the property of the Company to secure the contributions due the Commission under the Act was adjudged by the chancellor to be inferior to the liens asserted by the workmen compensation claimants. and by the laborers. The Commonwealth appeals.

It is contended by the Commonwealth that the contributions to be made by the employer under the Act are taxes and the lien securing same has priority over the lien given by Section 4912 to secure compensation awards and the lien given by Sections 2487 and 2488 to secure laborers' wages. Appellees argue that as Section 4912 secures workmen compensation awards by the same preference as is allowed by law for unpaid wages for labor, and as Section 2488 says wages for six months "shall be superior to the lien of any mortgage or other incumbrance theretofore or thereafter created," their liens are superior to the liens of the Commission.

Answers to these contentions are found in the Statutes, themselves. Section 4748g-8 (c), Baldwin's 1939 Supplement, provides that in the event of insolvency, receivership or distribution of the employer's assets pursuant to an order of court "the Commission shall have a lien superior to all other liens except liens for taxes, upon all property, real, personal and mixed, tangible and intangible, owned by such subject employer at the time such employer becomes subject to the payment of contributions, against which lien no exemptions shall be pleaded." Section 4748g-8 (c), Baldwin's 1941 Supplement, reads:

> "A lien on a parity with tax liens is hereby created in favor of the Commission upon all property both personal and real or rights thereto owned by any subject employer and used by him in connection with his trade, occupation, profession or business, from whom contributions, interest or penalties are or may hereafter become due."

The Unemployment Compensation Law has been held to be a taxing statute, Helvering v. Davis, 301 U. S. 619,

672, 57 S. Ct. 904, 81 L. Ed. 1307, 109 L. R. A. 1319; Steward Machine Co. v. Davis, 301 U. S. 548, 57 S. Ct. 883, 81 L. Ed. 1279, 109 A. L. R. 1293; Texas Co. v. Wheeless, 185 Miss. 799, 187 So. 880; and this very Act has been so held in Barnes v. Indian Refining Co., 280 Ky. 811, 134 S. W. (2d) 620, and Unemployment Compensation Commission v. Savage, 283 Ky. 301, 140 S. W. (2d) 1073.

Appellee argues that Sections 2487 and 2488 should be liberally construed so as to uphold the protective lien given laborers to secure wages as the commonweal largely depends upon the welfare of the wage earner. They cite Adkins v. Carol Mining Co., 281 Ky. 328, 136 S. W. (2d) 32, which quotes from Guarantee Title & Trust Co. v. Title Guaranty & Surety Co., 224 U. S. 152, 32 S. Ct. 457, 460, 56 L. Ed. 706, relative to giving preference to wages due laborers, where the United States Supreme Court said:

> "The policy which dictated it was beneficent and well might induce a postponement of the claims, even of the sovereign, in favor of these who necessarily depended upon their daily labor."

But the sovereign State of Kentucky did not choose to place the laborers' claim for wages ahead of its claim for taxes and the Legislature in enacting the Act provided that the Commission's claim for unemployment compensation contributions against the employer should be superior to all other liens. Indeed, the Act as amended in 1940 said such lien was on a parity with tax liens.

The judgment is reversed with directions to enter one adjudging the Commonwealth a tax lien on the assets of the Company to secure the contributions due by the Company to the Commission.