FARMERS STATE BANK v. Morris W. JONES, Trustee in Bankruptcy for Zaepfel & Russell, Inc., and Trinity Universal Insurance Co.

FIRST STATE BANK v. Morris W. JONES, Trustee in Bankruptcy for Zaepfel & Russell, Inc., and New York Casualty Co.

Nos. 9140, 9141.

Circuit Court of Appeals, Sixth Circuit.

Feb. 15, 1943.

Leo T. Wolford and Bullitt & Middleton, both of Louisville, Ky., and D. E. Wooldridge, of LaGrange, Ky., for appellant First State Bank.

D. A. Sachs, Jr., and Burwell K. Marshall, both of Louisville, Ky., for appellees.

In No. 9140:

Leo T. Wolford and Bullitt & Middleton, both of Louisville, Ky., M. J. Hennessey, of Augusta, Ky., and D. E. Wooldridge, of LaGrange, Ky., for appellant.

D. A. Sachs, Jr., and J. H. Gold, both of Louisville, Ky., for appellees.

Before SIMONS, HAMILTON, and McALLISTER, Circuit Judges.

PER CURIAM.

It appearing that the claims of both banks assert an equitable lien to the reserved percentage of a building contract in the hands of the Trustee, superior to the lien of the surety for the contractor and it being the view of the court that the cases may not be distinguished from that adjudicated by us in Farmers' Bank v. Hayes, 6 Cir., 58 F.2d 34, upon the authority of Prairie State Bank v. United States, 164 U.S. 227, 17 S.Ct. 142, 41 L.Ed. 412, and other cases; and it being also the view of the court that there is no merit to the contention of the First State Bank that it has a set-off against funds on deposit with it at the time of the adjudication in bankruptcy, because such funds were never the property of the contractor: It is ordered that the judgments below, 49 F.Supp. 709, be and they are hereby affirmed.

Edgar T. GINDER v. HARLEYSVILLE MUTUAL CASUALTY CO.

No. 8235.

Circuit Court of Appeals, Third Circuit.

Argued March 4, 1943.

Decided March 10, 1943.

Oliver C. Riethmiller, of Philadelphia, Pa., for appellant.

Thomas J. Clary, of Philadelphia, Pa. (Richard A. Smith and Louis Wagner, both of Philadelphia, Pa., on the brief), for appellee.

Before MARIS, JONES, and GOODRICH, Circuit Judges.

PER CURIAM.

That portion of the judgment of the district court which is the subject of this appeal is affirmed for the reasons set forth in the opinion of Judge Ganey, 49 F.Supp. 745.