# Kentucky Bell Corporation v. Tye et al.

Nov. 28, 1944.

, Stephens & Steely for appellant.

Go'lden & Lay and J. Smith Hays and Williams Hays for appellees G. W. Tye and J. Smith Hays.

R. L. Pope for appellee Minerva Frances Hays.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing.

The action involves the title to Tract C, shown on the sketch reproduced on following page:

Appellees instituted the action to have their title quieted to the tract. They claim the land through mesne conveyances under a patent issued to Levi Goin in the year 1855. The title depends upon the establishment of the first three calls of the Levi Goin patent to be at points 4, 5, and 6, instead of at points 1, 2, and 3, shown on the sketch. The same deeds under which they claim Tract C purport likewise to convey Tracts A and B. In October, 1938, James M. Hays, G. W. Tye and wife, and J. Smith Hays and wife conveyed their in-

terests in Tracts A and B to George Lyttle Tye, Edna Hays, and Minerva Frances Hays. Immediately thereafter, George Lyttle Tye and Edna Hays instituted suit in the United States District Court for the Eastern District of Kentucky, against appellant, Kentucky Bell Corporation, Gatliff Coal Company, and Minerva Frances Hays, to quiet their title to Tracts A and B. Minerva Frances Hays, by answer and cross-petition, set up her claim to an undivided one-third of the property jointly with the plaintiffs. While James M. Hays and G. W. Tye were not named as parties to the suit, they conveyed the land to the named parties without consideration; they represented George Lyttle Tye, Edna Hays, and Minerva Frances Hays in the action; prosecuted the suit; appeared as witnesses on the trial; and paid the costs adjudged against the named parties. These acts on their part show them to have been the real parties in interest. 30 Am. Juris., Sec. 227, p. 960; 34 C. J., Sec. 1426, p. 1006; Green v. Bogue, 158 U. S. 478, 15 S. Ct. 975, 39 L. Ed. 1061; Amburgey v. Adams, 196 Ky. 646, 245 S. W. 514; Ralph Wolff & Sons v. New Zealand Ins. Co. of Auckland, New Zealand, 248 Ky. 304, 58 S. W. 2d 623; McKenzie v. Hinkle, 271 Ky. 587, 112 S. W. 2d 1019. In the McKenzie case, at page 1021 of 112 S. W. 2d, the doctrine of res adjudicata is expressed in the following words:

"The doctrine of res judicata is firmly established in the law. Its purpose when first promulgated in the Dutchess of Kingston case, 20 Howard St. Tr. 355, was to provide a rule whereby there should be an end to litigation, and that questions once decided between the same parties, or their prives, should forever thereafter remain decided, and that all matters that could have been litigated in the action wherein the estopping judgment was rendered must be brought forward therein. But, in order for the judgment to have that effect the issues and the parties should be the same, but within that requirement it was early held—and the rule firmly established—that the word 'parties' within that requirement was not necessarily confined to actual parties in the litigation in which the judgment was rendered, but that the term also embraced others strangers to the litigation, who were not formal plaintiffs or defendants, but who by their conduct bring themselves in such relationship to the litigation as to become bound by the judgment. Such active participation in the litigation producing that

result is clearly set forth and pointed out in the text in 34 C. J. p. 1006, secs. 1426 and 1427.''

The judgment entered in the Federal Court action denied the Hays' and Tyes' claims, and established the first three corners of the Levi Goin patent to be at points 1, 2, and 3 shown on the sketch hereinabove reproduced.

Since appellees' title to Tract C and their grantees' title to Tracts A and B depend upon the same proof, and a court of competent jurisdiction heretofore has determined the issue against them, the judgment in that case is binding on them in this action.

The judgment is reversed, with directions that it be set aside, and that another be entered dismissing the petition.

Whole Court sitting.