# Trinity Universal Ins. Co. v. Farmers State Bank of Augusta, Ky.

May 1, 1945.

202

J. H. Gold, and Ernest L. Zeigler for appellant.

M. J. Hennessey for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Reversing.

Suit below was by appellee against appellant on account of a note executed by a contractor to the bank for $2,000. Judgment went for plaintiff and this appeal follows. There is no disagreement as to the facts leading up to the controversy. On February 15, 1939, the fiscal court of Bracken County contracted with Zaepfel and Russell for the erection of a school building in Brooksville. The contractor executed the usual faithful performance bond, guaranteeing the payment of all obligations incurred on account of labor and materials fur-

nished in connection with the completion of the building. Appellant executed as surety.

Work commenced soon after the execution of the contract and bond. On March 30, shortly after beginning work, the contractor executed to appellee bank a note for $2,000. At that time it was arranged between them that proceeds of the March 30th note, and further notes executed to the bank as were necessary for the purpose, were to be applied to the payment of material and labor claims, on checks issued by the contractor. There was also given to the bank the following writing addressed to the court: "This letter will serve as your authority to mail our monthly estimate checks for Brooksville school building to Farmers Bank, Augusta." The superintendent of county schools indorsed the writing: "We shall be glad to comply. Checks will be mailed as directed."

The plan continued until the work was almost completed, and there were intermittent advances manifested by renewals until the work was nearly completed, the last loan being made on December 4, 1939, for the same amount, and it is on this note the bank sued. With the contract nearly finished, there was due and payable including the bank's claim, labor and material claims, of approximately $7,000, and the fund retained by the court for the purpose of meeting unpaid claims was $5,562.61.

On February 13, 1940, the contractor filed a petition in bankruptcy in the U. S. District Court at Louisville, and was adjudged bankrupt on April 30, 1940. After notice of the adjudication the bank filed its claim with the referee. On August 23d appellant filed its proof of claim with the referee, and shortly thereafter filed objections to the proof of debt of the bank, setting up three or more grounds, among them one asserting its lien to be prior and superior to the bank's claim; that in making the alleged loan to the bankrupt it was a volunteer, and thus not entitled to have adjudged any lien against the funds in the hands of the court, even though the proceeds of the loan were used for the purpose alleged in the bank's petition. Lastly that there was no valid assignment to the bank, but if the letter to the court should be treated as such, and created a lien, it was subordinate to the equitable lien of the insurer.

204

On March 12, 1941, the referee after considering both claims, and cross-objections, sustained the claim of the insurer, adjudging it to have first claim on the fund in the hands of the court in the meantime turned over to the trustee in bankruptcy. Following the referee's order a petition for review was filed by the bank asking that the order be certified to the Judge of the District Court for review. This was done and on August 9, 1941 the court affirmed, and dismissed the bank's petition for review. In re Zaepfel & Russell, Inc., D. C. 49 F. Supp. 709. Following this the bank gave notice of appeal to the Circuit Court of Appeals for the Sixth District. On February 15, 1943, that court affirmed the judgment of the District Court. Farmers State Bank v. Jones, 6 Cir., 135 F. 2d 215.

All the foregoing matters were substantially set up on the bank's petition, in which it was alleged that notwithstanding the procedure mentioned, the insurer was liable to it under the bond because the proceeds of the note had been paid for labor and material going into the construction of the building; that under the statutes of Kentucky it had a superior lien, and by the assignment mentioned it was subrogated to the rights of those who labored and furnished materials in the construction. The court overruled insurer's demurrer to the original and amended petitions, whereupon appellant answered, first in general denial then pleading affirmatively in bar that the controversy between the two claimants had been determined adversely to appellee, in a court having jurisdiction of the parties and the subject matter, and further a plea of limitation. The proceedings in the Court of Appeals for the Sixth District were made part of the pleadings, it being agreed that they should be considered by the trial court. Upon submission the court, without opinion, overruled demurrer of plaintiff to defendant's pleadings. Plaintiff then filed reply, affirmatively pleading in avoidance of the plea of limitation. This with rejoinder was controverted and the matter was submitted on the pleadings, exhibits and stipulation, and judgment was given for the amount prayed for with interest, with objections, and appeal allowed. It is stipulated that only one claim was filed in the office of the county clerk (Feb. 28, 1940) and noted on mechanic's lien book, and this was disallowed.

The contention of appellant that its plea of res ad-

judicata is a good defense is so well established that it is unnecessary to discuss the plea of limitations. It is noted from "Exhibit A" filed with answer, that the Referee applied the rule as to subrogation rights under the Federal law, holding that the right of the surety to subrogation was superior to the claim of a bank which had loaned money to a contractor for the purpose of paying for labor and material going into the construction, citing Prairie State National Bank v. United States, 164 U. S. 227, 17 S. Ct. 142, 41 L. Ed. 412; Henningsen v. U. S. Fidelity & Guaranty Co., 208 U. S. 404, 28 S. Ct. 389, 52 L. Ed. 547, and Farmers' Bank v. Hays, 6 Cir., 58 F. 2d 34. In reaching such conclusion the referee had before him for consideration, as did the District and U. S. Appellate Courts, our opinions in Movl Construction Co. v. Covington Trust & Banking Co., 258 Ky. 485, 80 S. W. 2d 560, and Southern Exchange Bank v. American Surety Co., 284 Ky. 251, 144 S. W. 2d 203, both relied upon by appellant. A casual observation of these two cases, particularly the last named, will show that our courts run counter to the rulings of the Federal courts on the same question. However, in neither of these cases was the jurisdiction of the bankruptcy court involved.

Here, appellee, upon notice of bankruptcy proceedings, filed its claim which was adjudicated by the referee, upon objections of the insurer to allowance of its claim, and objections by the bank to allowance of insurer's claim. The same questions, aside from that of limitations, were raised in the bankruptcy court as were raised in the state court. The referee in his certificate on review to the district court submitted, among others not pertinent, the following questions:

(1) Does the Surety Company by reason of having signed the bond, and having completed the contract by paying the balance for labor and material, have a first and superior lien and right to the funds constituting the balance due from the owner to the bankrupt? (2) Does the bank by reason of the aforesaid assignment to it have a first and superior lien upon the funds? Both the federal courts answered the first question in the affirmative and the second negative.

We need not determine in this case whether the bankruptcy court had exclusive jurisdiction, or jurisdiction concurrent with the state courts. Under numerous

decisions the bankruptcy court had jurisdiction to determine the matter before it. If the jurisdiction was concurrent, the court first obtaining jurisdiction over the property may proceed to a final judgment in the matter of establishing and enforcing claims or liens against the property of the bankrupt. Davis v. Victoria Land & Loan Co., Tex. Civ. App., 90 S. W. 2d 300. In Hargadine, McKittrick Dry Goods Co. v. Hudson, 8 Cir., 122 F. 232, 234, it was said that plaintiff having submitted itself to the jurisdiction of the bankruptcy court, and filed its claim, and the court disallowed its claim and entered judgment accordingly, and that judgment remained in effect, such constituted a complete bar to another action. ''It is not material upon what grounds that court rested its judgment. It unquestionably had jurisdiction of the parties and the subject matter, and if either party conceived for any reason the judgment was erroneous, the remedy was by appeal, and not by a suit on the same cause of action in another jurisdiction.'' See also Vander Meer v. Weurding, 227 Mich. 46, 198 N. W. 828; Kentucky Bell Corporation v. Tye, 298 Ky. 674, 183 S. W. 2d 939. Here there was appeal. In the case of In re Florsheim, D. C., 24 F. Supp. 991, it was held that the referee's finding was res adjudicata where there had been a review, and his findings were not reversed.

Appellee relied on Erie R. v. Tompkins, 304 U. S. 64, 58 S. Ct. 817, 82 L. Ed. 1188, 114 A. L. R. 1487, in the bankruptcy and reviewing courts as it does here, in contending that those courts should have applied the rule therein laid down. The Erie case held that the laws of the several states, except where the Constitution, treaties or United States statutes otherwise provided, should be regarded as the rules of decisions in trials at common law in the United States courts. As is shown above, the bankruptcy court is essentially one of equitable jurisdiction when exercising the powers within its jurisdiction. The bankruptcy and review courts answered appellee's contention by reference to In re Avery, 6 Cir., 114 F. 2d 768, which pointed out that since the bankruptcy court was not a common-law court, the Erie opinion did not apply. In a case cited by appellee the Supreme Court (Prudence Realization Corporation v. Geist, 316 U. S. 89, 62 S. Ct. 978, 982, 86 L. Ed. 1293) held that the bankruptcy court was not bound to apply the local rule of state law governing, where relative rights of claimants

were involved. "Nothing decided in Erie Railroad Co. v. Tompkins, supra, requires a court of bankruptcy to apply such a local rule governing the liquidation of insolvent estates. The bankruptcy act prescribes its own criteria for distribution to creditors. In the interpretation and application of federal statutes, federal not local law applies (citing). The court of bankruptcy is a court of equity to which the judicial administration of the bankrupt's estate is committed, (citing) and it is for that court—not without appropriate regard for rights acquired under rules of state law—to define and apply federal law in determining the extent to which the inequitable conduct of a claimant in acquiring or asserting his claim in bankruptcy requires its subordination to other claims which, in other respects, are of the same class."

A reading of that case, in so far as appellee insists that it manifests a purpose to hold that the bankruptcy and reviewing courts should have given more weight, or "appropriate" regard to our decisions, supra, will show a clear distinction in that and the instant case, and nothing said in that case can be construed to overrule or modify the cases first cited above. In the Prudence case the court was construing the law as it applied to reorganization, 11 U. S. C. A. sec. 207, and a distribution of dividends, 11 U. S. C. A. sec. 105 (a) and section 65 (a) of the Act under the facts peculiar to the case.

Here the creditor submitted its claim to the bankrupt court; upon adverse ruling it went to the District Court, thence to the Circuit Court of Appeals. It did not avail itself of the right to seek permission of the bankrupt court to try out its issue in the state court. Straton v. New, 4 Cir., 49 F. 2d 869; Id., 283 U. S. 318, 51 S. Ct. 465, 75 L. Ed. 1060; In re Cosmopolitan Bond & Mortgage Co., 7 Cir., 79 F. 2d 547. In bankruptcy matters as between a state court and a federal court, each will respect the jurisdiction of the other, lawfully acquired. Neither will attempt to review, modify or vacate a judgment lawfully rendered by the other in the due exercise of its jurisdiction. National Surety Co. of New York v. Medlock, 2 Ga. App. 665, 58 S. E. 1131; Robinson v. White, D. C., 97 F. 33. A bankruptcy court, in possession of the res, draws in all controversies over title and liens, free from any interference by subsequent

actions in a state court, unless there be consent of the bankruptcy court. Globe Bank v. Martin, 236, U. S. 288, 35 S. Ct. 377, 59 L. Ed. 583.

In view of the decisions noted, it is clear that the petition as amended did not state a cause of action, and that the answer contained a complete defense. The court correctly overruled demurrer to the answer, but should have carried the demurrer back to the petition, sustained it and dismissed the petition.

Judgment reversed with direction to set it aside, and for entry of judgment in conformity with this opinion.

The Whole Court sitting, except Judge Thomas.