**AMERICAN SURETY CO. OF NEW YORK et al. v. CITY OF LOUISVILLE MUNICIPAL HOUSING COMMISSION et al.**

**No. 614.**

District Court, W. D. Kentucky,
Louisville Division.

Dec. 7, 1945.

Wm. Marshall Bullitt, R. Lee Blackwell, and Bullitt & Middleton, all of Louisville, Ky., for plaintiffs.

David C. Walls, U. S. Atty., and A. Roy Copeland, Asst. U. S. Atty., both of Louisville, Ky., for the United States.

Robert B. Bird and E. B. Thompson, both of Frankfort, Ky., for Kentucky Unemployment Compensation Commission.

MILLER, District Judge.

The plaintiffs, sureties on the faithful performance bond of the contractor W. J. Paul to the City of Louisville Municipal Housing Commission, have moved for summary judgment which would award to them a first lien in the amount of $52,571.57 with interest against the money heretofore paid into court by the City of Louisville Municipal Housing Commission in the amount of $59,647.72 as the unpaid amount due under its contract with Paul. The United States is asserting a prior claim in the amount of $12,296.63 plus interest

against the fund in court for unpaid unemployment taxes for 1942 and 1943, and the Kentucky Unemployment Compensation Commission is also asserting a prior claim to $11,618.45 with interest of the fund in court by reason of unpaid employer's contribution Taxes for 1942 and 1943. The performance bond was executed on October 3, 1941, and following default on the part of the contractor, the sureties, on and shortly after September 7, 1943, paid the sum of $52,571.57 for unpaid labor and materials furnished for the completion of the construction project. They claim an equitable prior lien against the fund in court by reason of such payments and the provisions of the bond. The facts are established by the pleadings and plaintiffs' request for admissions, which was not answered.

█ This Court has previously held that a surety who makes good under his contract of suretyship upon default of the principal contractor under conditions as existed in this case acquires an equitable lien against the unpaid balance in the hands of the party in whose favor the bond runs, that such equitable lien upon payment by the surety relates back to the date of the contract and is superior to a claim of the United States for unpaid unemployment taxes for periods subsequent to the date of the contract of suretyship although prior to the date of payment by the surety. In re VanWinkle, D.C., 49 F.Supp. 711; In re Zaepfel & Russell, D.C., 49 F.Supp. 709, affirmed in Farmers State Bank v. Jones, Trustee, 6 Cir., 135 F.2d 215. See Sections 3670–3672, Title 26 U.S.C.A.Int. Rev.Code. That ruling is applicable to the present case and will be followed.

█ The United States in this case again makes the same contention which it made in Re VanWinkle, supra, namely, that under Section 3466 of the Revised Statutes, Section 191, 31 U.S.C.A., commonly known as the "Priority Statute," debts due to the United States are entitled to priority over any other claims against the same debtor. In addition to the cases of United States v. Emory 314 U.S. 423, 62 S.Ct. 317, 86 L.Ed. 315 and United States v. State of Texas 314 U.S. 480, 62 S.Ct. 350, 86 L.Ed. 356 it now relies upon the later decision of the United States Supreme Court in United States v. Waddill, Holland & Flinn, 323 U.S. 353, 65 S.Ct. 304. The case of United States v. Waddill is but another application of the rule previously applied in both the Emory case and the Texas case. All three cases involved a judicial distribution of a debtor's assets in some type of insolvency court proceeding. The statute applies to such types of proceedings only. It does not apply to distributions in bankruptcy or to questions of priority in cases where no judicial administration of an insolvent estate is being made. In re VanWinkle, supra; Beaston Garnishee v. The Farmers Bank of Delaware, 12 Pet. 102, 9 L.Ed. 1017; United States v. City of Greenville, 4 Cir., 118 F.2d 963. Accordingly, the statute is not applicable to the present case.

█ With reference to the claim of the Kentucky Unemployment Compensation Commission, for unpaid employer's contribution taxes, it has been recently held by the Court of Appeals of Kentucky in Louisville Title Mortgage Co. v. Commonwealth 299 Ky. 224, 184 S.W.2d 963, that the Commission's lien on the employer's property to secure payment of contributions to the Unemployment Insurance Fund is inferior to bona fide liens existing before the notice of the lien for security contributions or tax is given. Kentucky Revised Statutes 341.010 through 341.090; see Section 341.310. The section last referred to has been previously considered by this Court in Re Auto Electric Repair & Parts Co., D.C., 41 F.Supp. 3. Part of the ruling in that case, namely, that dealing with the construction of Section 4257a-7, Kentucky Statutes 1939 Supplement, is in conflict with the later ruling of the Kentucky Court of Appeals in the case above referred to and must yield to the State ruling. However, the other ruling in that case which gave the Unemployment Compensation Commission a prior lien is not in conflict with the later ruling of the Kentucky Court of Appeals above referred to due to the change in the wording of the Act in 1940. The Auto Electric Repair & Parts Co. case involved a distribution in bankruptcy, and the Kentucky Act prior to 1940 had different provisions for distribution in bankruptcy than were applicable to questions of priority in other types of litigation. See Commonwealth v. Durham, 290 Ky. 408, 161 S.W. 2d 610, 140 A.L.R. 1040. The decision in Louisville Title Mortgage Co. v. Commonwealth, supra, is under the Act as subsequently amended. The construction given therein to the Kentucky Unemployment Compensation Act as amended is controll-

ing in this case. It follows that the lien claimed by the Kentucky Unemployment Compensation Commission is inferior to the lien of the plaintiffs herein.

The plaintiffs' motion for summary judgment is sustained. Counsel will prepare and tender for entry judgment as prayed for.