In re CLINE CONSTRUCTION COMPANY, a partnership, composed of R. C. Johnson and Don Cline, and R. C. Johnson and Don Cline, individually, Bankrupts.

No. 221.

United States District Court
E. D. Kentucky, Pikeville Division.
June 3, 1956.

J. Peyton Hobson, Jr., Pikeville, Ky., for First Nat. Bank of Pikeville.

John Davis (Stoll, Keenon & Park), Lexington, Ky., for Maryland Cas. Co.

Oldham Clarke (McElwain, Dinning, Clarke & Winstead), Louisville, Ky., for the U. S. Fidelity & Guaranty Co.

SWINFORD, District Judge.

This case is before the court to review an order of the referee in bankruptcy.

The bankrupts operated a construction company and were awarded contracts for the construction of certain highways for the Commonwealth of Kentucky. To assure the performance of these contracts it executed the usual bond with corporate surety. On July 30, 1956, it executed bond for the building of a highway in Henry County, Kentucky, and on the same date for the doing of certain work in Greenup and Boyd Counties, Kentucky. The Maryland Casualty Company signed these bonds as surety to the Commonwealth of Kentucky for the performance of the work called for in the contracts. The applications to the Maryland Casualty Company, by the contractors for the bonds, contained an indemnifying agreement which reads in part as follows:

"In the event of claim or default under the bond(s) herein applied for, or in the event the undersigned shall fail to fulfill any of the obligations assumed under the said contract and bond(s), or in the event of claim or default in connection with any other former or subsequent bonds executed for us or at our instance and request all payments due or to become due under the contract covered by the bond(s) herein applied for, shall be paid to the Company—and this covenant shall operate as an assignment thereof and the residue, if any, after reimbursing the Company as aforesaid, shall be paid to the undersigned after all liability of the Company has ceased to exist under the said bond(s), and the Company shall at its option be subrogated to all rights, properties and interest of the undersigned in said contract, or contracts. The undersigned hereby also agree that in the event of

any default on the part of the undersigned under said contract, or in the event a claim of any description is filed against such bond(s), the Company is authorized to inspect the books, records, accounts, etc., of the undersigned · and the undersigned will upon demand of the Company turn over for inspection all of the books, records and accounts pertaining to said contract or to the financial condition of the undersigned."

The principal defaulted in the performance of the contracts and Maryland Casualty Company was required to pay labor and materialmen under the terms of the bonds. The Maryland Casualty Company contends that it is entitled to recover the retained percentages received by the trustee from the Highway Department of the Commonwealth of Kentucky on the Henry County and the Greenup-Boyd Counties contracts.

In addition to the above contracts for road construction, the bankrupts were awarded contracts of a similar nature in Nicholas County, Kentucky, and in Pike County, Kentucky. A bond was executed for the Nicholas County work on November 12, 1952, and for the Pike County work on May 15, 1953. The United States Fidelity & Guaranty Company signed each of these bonds as surety.

The bankrupts defaulted on these two contracts and the surety was required to expend the sum of $12,622.61 to discharge its obligation on the bonds. After the payment of all claims on the Nicholas County contract there was a surplus of $2,309.94. The Highway Department paid to the trustee the sum of $11,382.02, the balance in its hands on the Nicholas and Pike Counties contracts.

On March 6, 1953, the bankrupts assigned to the First National Bank of Pikeville the retained percentages of all contract work which had been let to them and which remained in the hands of the Highway Department. This assignment was to secure the payment of notes to the bank in the sum of $17,582.-11. On December 24, 1953, the bankrupts executed to the bank a mortgage on their equipment and on all funds due and to become due from the Highway Department.

The United States Fidelity & Guaranty Company paid claims on the Nicholas County work in the sum of $2,801.68 for labor and material and the creditors to whom this sum was paid assigned their claims and rights to it. All of which was, of course, after default and in performance of the bond.

The referee in bankruptcy sustained the position of the surety companies and awarded the Maryland Casualty Company a prior lien on all funds in the hands of the trustee which represented the retained percentages on the Henry County and the Boyd-Greenup Counties contracts. The referee allowed the claim of the United States Fidelity & Guaranty Company as a secured claim on all funds in the hands of the trustee received from the Department of Highways on the Nicholas County and Pike County contracts.

The First National Bank of Pikeville seeks a review of the orders of the referee allowing these claims as prior to its claim.

I am of the opinion that the decision of the referee was correct and must be sustained.

The whole determination of the case depends upon the answer to the following question which was posed in the case of Trinity Universal Insurance Company v. Farmers State Bank, 300 Ky. 201, 187 S.W.2d 793. Does the surety company by reason of having signed the bond, completed the contract and paid the balance for labor and material have a superior lien to the funds constituting the balance due from the owner to the bankrupt?

The federal rule may in a given case differ from the state rule in answer to this question. In re Zaepfel & Russell, D.C., 49 F.Supp. 709, affirmed Farmers State Bank v. Jones, 6 Cir., 135 F.2d

215; Trinity Universal Insurance Company, supra. Since this is in bankruptcy we are concerned only with the federal rule. The case of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, is not applicable. In re Avery, 6 Cir., 114 F.2d 768.

In the interpretation and application of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq. the federal and not local law applies. Prudence Realization Corp. v. Geist, 316 U.S. 89, 62 S.Ct. 978, 86 L.Ed. 1293.

In determining these priorities the rule as applied in the bankruptcy courts is clearly established and consistently adhered to since Prairie State Bank v. U. S., 164 U.S. 227, 17 S.Ct. 142, 41 L.Ed. 412. The rights of the bank are subordinate to those of the sureties on bonds such as these. When the bond is signed the rights of the surety become fixed and are superior to those of any holder of an after-acquired lien. The lien extends to reserve percentages and other sums earned under the contract and retained by the owner. Farmers' Bank v. Hayes, 6 Cir., 58 F.2d 34. He acquires an equitable lien on any unpaid balance in the hands of the owner to the extent of his expenditures in making good his contract of suretyship. American Surety Co. v. City of Louisville Municipal Housing Commission, D.C., 63 F. Supp. 486, affirmed Glenn v. American Surety Co., 6 Cir., 160 F.2d 977. This priority runs in his favor not only on the bond covering the particular project but for loss he may sustain upon other bonds executed by him for the same contractor. Lacy v. Maryland Casualty Co., 4 Cir., 32 F.2d 48; In re Allied Products Co., 6 Cir., 134 F.2d 725, certiorari denied, Barnett v. Maryland Casualty Co., 320 U.S. 740, 64 S.Ct. 40, 88 L.Ed. 438; U. S. v. Crosland Const. Co., D.C., 120 F.Supp. 792, affirmed, 4 Cir., 217 F.2d 275.

I am of the opinion that the orders of the referee entered on January 5, 1956, are correct and the petition for review should be dismissed. An order to that effect is this day entered.