William T. WARRING, Administrator of Nora D. Hinton, deceased, et al., Appellants,

v.

Lottie Hinton MUNSON et al., Appellees.

Court of Appeals of Kentucky.

May 27, 1960.

McKnight & Pryor, E. Durward Weldon, Georgetown, for appellants.

Bradley & Bradley, Georgetown, Charles B. Salyer, Anderson, Ind., for appellees.

CLAY, Commissioner.

This controversy involves the determination of which of two sets of heirs owns the remainder interest in 400 acres of land and certain personal property. The source of the property was George W. Hinton. Appellees are his heirs; appellants are the heirs of his daughter Nora. The judgment appealed from was for the most part favorable to appellees.

In 1928 George Hinton executed a trust deed of conveyance of the 400 acres to William Hinton. The "net income" of the trust was for the joint "use and benefit" of the trustor and his daughter Nora during their joint lives, and at the death of the survivor the property was to pass in fee simple to the trustor's heirs.

George died in 1931 and up to that time the trustee, William, had not acted under the trust deed.

Nora was an incompetent and shortly after her father's death a committee was appointed for her. The committee, representing Nora, filed suit in 1932 against the executor and heirs of George asking an adjudication that the trust deed was invalid (because not delivered and accepted) and that Nora was the fee simple owner of the 400 acres. The litigation proceeded through this court (Hinton's Ex'r v. Hinton's Committee, 256 Ky. 345, 76 S.W.2d 8), and eventually a final judgment was entered in 1935. The judgment declared the trust deed valid, and recited that the land had been conveyed to William Hinton as trustee for the designated trust purposes

"with remainder to the heirs of George W. Hinton * * *."

Thereafter William and his successor served as trustees under the deed until the death of Nora in 1957. The present suit was subsequently brought by appellees, heirs of George, to sell the 400 acre tract and to have determined their interests in certain personal property. The controlling issue that emerged from the pleadings was whether or not the 1935 judgment in the former suit was res judicata of the rights of the parties.

Appellants' preliminary contention is that the 1935 judgment is invalid because the word "tendered" is written on the face of it by someone unknown. We cannot comprehend how this notation could invalidate a judgment proper in all respects, entered on the order book, and signed by the circuit judge. It is unnecessary even to indulge a presumption to sustain the judgment's validity (Spicer v. Spicer, 314 Ky. 560, 236 S.W.2d 474), since this mere notation suggests no irregularity.

Appellants next contend the validity of the trust deed is not res judicata. The contention seems to be that since there was no trustee who was qualified and acting at the time the former suit was prosecuted, somehow the interests of Nora were not protected. We cannot understand this argument. A properly appointed committee, authorized by law to prosecute actions for Nora's benefit, brought the former suit for the specific purpose of invalidating the trust deed. There is no suggestion of fraud, collusion, or mistake. The basic issue in the instant case is precisely the same one presented on Nora's behalf by her committee in the former suit.

An additional issue is raised in the present suit with respect to the competency of George Hinton at the time he executed the trust deed. However, it seems obvious that this question should have been raised in the former suit. The doctrine of res judicata extends to all matters that proper-ly could be litigated concerning the subject matter of the suit. Jackson v. Pepper Gasoline Co., 284 Ky. 175, 144 S.W.2d 212; Kentucky Bell Corporation v. Tye, 298 Ky. 674, 183 S.W.2d 939; Eversole v. Webb, Ky., 243 S.W.2d 490. The validity and legal effect of the trust deed has long since been finally settled.

It is unnecessary to consider other issues raised, such as the incorporation of the trust in the will of George Hinton and the statute of limitations. The Chancellor correctly determined that the heirs of George Hinton had the fee simple remainder interest in the real estate involved.

Appellees have attempted to take a cross appeal with respect to certain items of personal property disposed of in the judgment. While a notice was filed under CR 74, the cross appeal was not perfected by compliance with RCA 1.080. It is therefore not properly before us and must be dismissed.

The judgment is affirmed on the original appeal and the cross appeal is dismissed.