**NEW YORK CASUALTY CO. v. ZWERNER,**
Regional Counsel of National Housing Agency, et al.

Civil Action No. 44C37.

District Court, N. D. Illinois, E. D.
June 20, 1944.

Ralph R. Hawxhurst and Homer C. Dawson, both of Chicago, Ill., for plaintiff.

J. Albert Woll, U. S. Dist. Atty., of Chicago, Ill., for defendants.

BARNES, District Judge.

### Findings of Fact.

From the verified complaint as amended, heretofore filed herein, the court finds the following facts:

1. That plaintiff is a corporation incorporated under the laws of the State of New York and the defendants and each of them are individuals residing in the State of Illinois within the Eastern Division of the Northern District of the District Court of the United States therein and are each of them citizens of said State of Illinois.

2. The amount in controversy, exclusive of interest and costs, exceeds the sum of three thousand dollars and 00/100 ($3,-000).

3. On May 26, 1942, one N. E. Daugherty, doing business as N. E. Daugherty Construction Company, as contractor, entered into a written contract with the United States of America for the construction for said United States of a site improvement known as Defense Housing Project, Northern Indiana, No. 12092, in Martin County, Indiana. The substance of said contract is that the contractor shall furnish the material and perform the work embraced therein; that partial payments shall be made to the contractor as the work progresses on estimates made and approved by the Contracting Officer, and that ten per cent (10%) of the estimated amount shall be retained by the owner until final completion and acceptance of the work.

4. That on May 26, 1942, the plaintiff, New York Casualty Company, as surety, executed and entered into a performance bond, as required by said construction contract in which said N. E. Daugherty was the principal, the plaintiff was the surety and the United States of America was the obligee in the sum of one hundred ten thousand, one hundred forty-nine and 09/100 dollars ($110,149.09), the condition of said performance bond being in substance that, if the principal in said bond shall well and truly perform and fulfill all terms and conditions of said construction contract and any extensions and modifications thereof, this obligation to be void; otherwise to remain in full force and virtue.

5. That on May 26, 1942, the plaintiff, New York Casualty Company entered into another bond, as required by said construction contract, designated a payment bond, in which said N. E. Daugherty was the principal, the New York Casualty Company was surety and the United States of America was obligee in the sum of one hundred ten thousand, one hundred forty-nine and 09/100 dollars ($110,149.09), the condition of said bond being in substance as follows: If the principal shall promptly make payment to all persons supplying labor and material in the prosecution of the work provided for in said contract and all modifications thereof, then this obligation to be void; otherwise to remain in full force and virtue.

6. Thereafter said N. E. Daugherty began construction of said site improvement and completed the same.

7. There are unpaid claims against said N. E. Daugherty for labor and material aggregating thirty-six thousand, five hundred ninety-two and 59/100 dollars ($36,-592.59), growing out of and connected with said construction contract.

8. A dispute exists between said contractor Daugherty and the National Housing Agency as to a claim for unliquidated damages by said National Housing Agency for failure of the contractor to complete said contract within time. Said claim for unliquidated damages is said to amount to fifteen thousand dollars ($15,000).

9. Carter H. Harrison, Collector of Internal Revenue, has filed a notice of lien and served the same on Adolph H. Zwerner, one of the defendants herein, as Regional Counsel of the National Housing Agency, at Chicago, Illinois, for taxes amounting to five thousand, three hundred seventy-seven and 77/100 dollars ($5,377.-77), said claim for taxes representing victory tax, unemployment and federal taxes and penalties alleged to be owing to said Collector by said N. E. Daugherty; that said Adolph H. Zwerner, as aforesaid, Walter E. Stanton, Acting Regional Counsel of said National Housing Agency, Albert F. Muench, Associate Regional Counsel of said National Housing Agency and Orvil R. Olmsted, Regional Director of the National Housing Agency of Chicago, Illinois, all said parties being defendants herein, threatened to order payment of said claim for taxes to said Collector of Internal Revenue out of funds remaining unpaid on said construction contract.

10. That said National Housing Agency now holds the sum of thirty-eight thousand, four hundred seventy-two and 38/100 dollars ($38,472.38), representing the final payment which normally would be due to said N. E. Daugherty under said construction contract, which sum of money should be used to pay any labor or material claims or other claims arising out of said construction contract for which said N. E. Daugherty and the plaintiff Surety Company may be liable.

11. That said tax claim asserted by the Collector of Internal Revenue is not a claim for which the plaintiff as surety is liable upon its bonds hereinabove referred to.

476

12. That said Collector of Internal Revenue has no lien upon the funds which would normally be due to said contractor arising out of said contract, superior to the claim of material, men and labor in connection with said contract, or even the alleged claim of the National Housing Agency for unliquidated damages, as above referred to.

13. That there are not enough funds remaining unpaid upon said contract to pay the claims of said material and labor claimants and other claims arising out of and connected with said contract.

14. That said plaintiff, New York Casualty Company, has settled and paid said labor and material claims to the extent of twenty-nine thousand, three hundred fifty-six and 39/100 dollars ($29,356.39) and the balance of said labor and material claims are under negotiation for payment by said Surety Company and will be paid by it when determined to be valid claims in the correct amount. It appears further from briefs filed by counsel with the court in this case that an additional five thousand, six hundred three and 10/100 dollars ($5,-603.10) has been paid by said Surety Company, making a total paid by said Surety Company of thirty-four thousand, nine hundred fifty-four and 49/100 dollars ($34,-954.49) on said material and labor claims.

15. The plaintiff, New York Casualty Company has a first lien on the funds due to said contractor arising out of said construction contract superior to any claim or lien of the Collector of Internal Revenue, and is entitled to said funds due the contractor on said contract, or so much thereof as will reimburse the plaintiff for the payments it has made and will make, as aforesaid.

16. That there are not enough funds remaining unpaid on said construction contract to pay said claims for material and labor or to reimburse the plaintiff Surety Company for payments it has and will make thereon and also to pay the claim of the Collector of Internal Revenue.

17. Orvil R. Olmsted, Regional Director, Adolph H. Zwerner, Regional Counsel, Walter E. Stanton, Acting Regional Counsel and Albert F. Muench, Associate Regional Counsel, all of said National Housing Agency of the Federal Public Housing Authority, are made parties defendant to this suit. A further defendant is Carter H. Harrison, Collector of Internal Revenue.

## Conclusions of Law.

1. The plaintiff Surety Company, by reason of its payment of claims for labor and material under the obligation of its performance and payment bonds, has a first and prior equitable lien on any and all funds remaining unpaid to the contractor, arising out of the construction contract; and said surety is subrogated to the rights of the owner, National Housing Agency, and of labor and material claimants, to the balance of said contract price; that said equitable lien in favor of the Surety Company relates back to the date of the suretyship contract.

2. That the claim of the Internal Revenue Collector for taxes due from said N. E. Daugherty and the lien and levy of said Internal Revenue Collector are inferior and subordinate to the equitable lien of the plaintiff Surety Company to the fund constituting the balance of the contract price; that since there is insufficient money remaining of said contract price to pay said labor and material claimants, or to reimburse the plaintiff Surety Company for the payments it has and will make thereon, and also to pay the claim of the Internal Revenue Collector, the said Internal Revenue Collector has no right to demand and receive the amount of his tax claim and the officers and agents of the National Housing Agency have no right to pay said tax claim out of the balance of the contract price, at the expense of labor and material claimants or of the said Surety Company; that if the National Housing Agency should press its claim for unliquidated damages in the asserted amount of fifteen thousand dollars ($15,-000), the matter would be even worse, for such claim of the National Housing Agency would take precedence over the claim of the Internal Revenue Collector. There may also develop additional claims for labor and material and, under the circumstances, it is not fair, and there is no foundation in law for the Internal Revenue Collector to demand the agents of the National Housing Agency to pay the claim of the Internal Revenue Collector, as is threatened to be done at the expense of the other parties herein who have a prior equitable lien on said fund.

■ 3. The section of the United States Code prohibiting courts of the United States from issuing injunctions against the collection of Federal taxes does not prohibit the issuing of an injunction in this case, for it has been distinctly held by the United States courts that said section of the Code is applicable only in a suit between a taxpayer and the Collector in which the amount and propriety of the taxes themselves are in dispute. The section is not applicable to a suit by a third person which is designed to prevent the Collector from taking the plaintiff's money to pay someone's else taxes.

■ 4. The Tax Collector by his notice of lien and levy can have a lien only upon funds due to the contractor and, since labor and material claims, and possible other claims, as heretofore set forth, will absorb more than the balance due the contractor on said construction contract, there is no fund upon which the Tax Collector's lien or levy can attach. This suit does not put in issue the amount of the taxes or the propriety thereof, but seeks simply to prevent the taking of money belonging to the plaintiff to pay the taxes of someone else.

■ 5. Section 191 of Title 31 U.S.C.A. has no application to this suit because the debtor, N. E. Daugherty, has not made a voluntary assignment, is not an absconding, concealed or absent debtor, his estate by reason thereof has not been attached by proceedings of law and he has not committed any act of bankruptcy. Said Section 191 creates no lien and the circumstances of this case are such that said Section is not applicable.

■ 6. The Declaratory Judgment Act, 28 U.S.C.A. § 400, does not bar action by the court in this case, for it has been held by the United States courts that where a third party is entitled to an injunction against the Tax Collector, declaratory relief may also be granted since the above Section 400, like Section 3653, 26 U.S.C.A. Int.Rev.Code, applies only to a suit by a taxpayer against the Collector in which the validity and propriety of the tax itself is in controversy and has no application to a suit by a third person (a non-taxpayer) to preserve his lien on or rights in a fund; furthermore, if the court has the right to grant an injunction, it also has the right by declaratory action to determine the rights of the parties.

■ 7. The contractor debtor is not an indispensable party to this suit, since there is no money belonging to or in which said contractor has any right. The entire unpaid balance of the contract price will be more than absorbed by material and labor claims and other claims. The contractor could not in any action compel payment to him by the National Housing Agency. The suit does not involve the contractor, but is wholly a contest between the plaintiff, the Collector of Internal Revenue and the National Housing Agency.

■ 8. The sworn complaint shows that the Tax Collector filed a notice of lien and levy and served the same on Adolph H. Zwerner and other agents of the National Housing Agency, and demands from them payment of the tax claim, and the National Housing Agency, through its agents, had threatened to make payment of said claim for taxes to the Tax Collector. There is, therefore, a sufficient connection of these parties defendant who are agents or officers of the National Housing Agency, with the matter in controversy to warrant an injunction against them, at least to the extent of their authority. It is clear to the court that the defendants who are directors, associate directors, or otherwise connected with the said National Housing Agency, as agents or otherwise, have some control over the disposition of the funds involved in this case and should be enjoined until the final hearing of this case and until the further order of this court from authorizing, directing or assisting in the use of the fund herein for the payment of the claim of the Internal Revenue Collector.

■ 9. The injunction, as prayed for in the complaint against the paying of the tax claim out of the funds held by the National Housing Agency will in effect only hold the matter in status quo and would not prevent the settlement or payment of claims for labor, material or otherwise connected with or arising out of the construction contract. It would not tie the hands of anyone with reference to anything, except as to the payment of taxes claimed by the Collector out of this particular fund, which cannot, under the circumstances, be used for the payment of taxes.

■ 10. The rights of the Collector of Internal Revenue can rise no higher than those of the taxpayer whose right to prop-

478

erty is sought to be levied upon; and since the taxpayer, N. E. Daugherty, under the circumstances of this case, has no right to the fund in question, the Collector of Internal Revenue can likewise have no right thereto, unless it should develop on the final hearing of this case that there will be a surplus of said fund remaining after the payment of labor and material claims and other claims which may have a prior right to that of the Collector of Internal Revenue.

11. United States of America is not a necessary or proper party to this suit. The suit does not involve the propriety or legality of any taxes owing by N. E. Daugherty to the Tax Collector. Both the Tax Collector and the agents of the National Housing Agency are acting in a purely ministerial capacity, and there are numerous authorities stating that suits against agents of the government in their ministerial capacities may be maintained and injunction issued, particularly where the governmental agent is attempting to exceed his ministerial authority and to invade the rights of third persons. There is ample authority for the issuing of an injunction against a Collector of Internal Revenue, without making the United States a party to the suit.

12. The plaintiff Surety Company having a prior equitable lien upon the fund in question, has a right to come into a court of equity to protect that lien by injunction. If the tax claim in this case should be paid by the National Housing Agency, it would constitute an irreparable damage to the plaintiff Surety Company.