## UNITED STATES v. ZSCHACH CONST. CO. et al.

### Civ. No. 3040.

United States District Court, E. D. Oklahoma.

Feb. 5, 1953.

Edwin Langley, U. S. Atty., Muskogee, Okl., for plaintiff.

Looney, Watts, Ross, Looney & Smith, Oklahoma City, Okl., and Smith & Rogers, Tulsa, Okl., for defendants.

WALLACE, District Judge.

In January of 1948, the defendant, Pool Construction Company, was awarded a contract for a Federal public works project known as the Heyburn Dam Project. All work was performed in Creek County, Oklahoma. Pool Construction Company, as prime contractor, furnished the performance bond and payment bond as required by the Miller Act.[1]

---

1. 40 U.S.C.A. § 270a et seq.

Section 270a provides in part: "(a) Before any contract, exceeding $2,000 in amount, for the construction, alteration, or repair of any public building or public work of the United States is awarded to any person, such person shall furnish to the United States the following bonds, which shall become binding upon the award of the contract to such person, who is hereinafter designated as 'contractor':

"(1) A *performance bond* with a surety or sureties satisfactory to the officer

The Government brings this action in the Eastern District of Oklahoma to recover the Federal income and unemployment insurance taxes owed by the defendant, Zschach Construction, a sub-contractor on this project, for withholding taxes it owes by virtue of it's employment of labor in performance of this sub-contract.[2] The Government seeks judgment against the defendant, sub-contractor, for the total amount of withholding taxes it was obligated as a matter of law to withhold,[3] and seeks judgment against the remaining defendants, the prime contractor, Pool Construction and its sureties for that amount of the taxes *actually* withheld by the sub-contractor, Zschach, for the payment of these taxes.[4]

If this be considered an action brought under the provisions of the Miller Act this court is without jurisdiction inasmuch as the statute specifically vests venue in the District Court in the district in which the work was done.[5] Thus, since this project was located in Creek County, Oklahoma, venue lies in the District Court for the Northern District.

The Government takes the position that although the action has been brought under a payment bond which was furnished pursuant to the Miller Act, that in reality this is an action for the collection of taxes and consequently can be brought in the district in which the taxpayer resides.[6]

Thus, considering this an action for taxes this court has jurisdiction over the sub-contractor, Zschach Construction, who by statute is liable for such withholding taxes whether or not actually withheld.[7] On this theory the Government further asserts that although this be an action for taxes, that the taxes which were actually withheld by the defendant taxpayer, Zschach Construction, partake of the nature of "labor and materials", being a part of wages paid. Under this rationale the Government takes the position that the prime contractor, Pool Construction and its sureties, are liable under the payment bond for such "wages" owed to government in the form of withholding taxes. The Government stresses that it is suing on this bond in an orthodox manner and argues that even though this particular bond was given by virtue of the Miller Act it is not mandatory that they bring suit within the jurisdictional requirements of the Miller Act.

awarding such contract, and in such amount as he shall deem adequate, for the protection of the United States.

"(2) A *payment bond* with a surety or sureties satisfactory to such officer for the protection of all persons supplying labor and material in the prosecution of the work provided for in said contract for the use of each such person. * * *" (Emphasis supplied.)

2. 26 U.S.C.A. § 1622(a) provides in part: "Every employer making payment of *wages* shall deduct and withhold upon such wages a tax [income] * * *."

   26 U.S.C.A. § 1400 provides in part: "In addition to other taxes, there shall be levied, collected, and paid upon the income of every individual a tax [employment] * * *."

   See also 26 U.S.C.A. §§ 1401 and 1410.

3. $31,618.35.

4. $28,227.27.

5. 40 U.S.C.A. § 270b (b) provides: "*Every suit instituted under this section shall be brought* in the name of the United States for the use of the person suing, *in the United States District Court for* *any district in which the contract was to be performed and executed and not elsewhere*, irrespective of the amount in controversy in such suit * * *." (Emphasis supplied.)

6. Thus the action would come under the general jurisdictional requirements set forth in 28 U.S.C.A. §§ 1391, 1392 and would come specifically under 26 U.S.C.A. § 3744 which provides: "Taxes may be sued for and recovered in the name of the United States in any proper form of action, before any district court of the United States, for the district within which the liability to such tax is incurred, or where the party from whom such tax is due resides at the time of the commencement of the said action."

7. In regard to income tax withholding, 26 U.S.C.A. § 1623 provides: "The employer shall be liable for the payment of the tax required to be deducted and withheld under this subchapter * * *."

   In regard to employment tax withholding, 26 U.S.C.A. § 1401(b) provides: "Every employer required so to deduct the tax shall be liable for the payment of such tax * * *."

The court is of the opinion that if this be a suit on the payment bond furnished in compliance with the Miller Act for "labor and materials" that the Government must comply with the jurisdictional requirements of this Act in order to bring suit.

Although, of course, the Government can bring a suit to recover taxes in any District wherein the taxpayer resides it cannot sue for "taxes" thereby gaining jurisdiction over the sub-contractor liable for these taxes and then claim that these taxes owed, to the extent actually withheld, become "wages" and claim jurisdiction over the parties to the payment bond. Such a ruse cannot be used to circumvent express statutory jurisdictional requirements.

■ Even if the Government could obtain jurisdiction over all the parties here involved, it still could not recover against the prime contractor and sureties of the prime contractor.

In a case where jurisdiction wasn't in issue but otherwise involving almost the identical problem now before the court, the United States Court of Appeals of the Tenth Circuit, recently held that, the sums withheld by a sub-contractor were not in the nature of wages as covered by the prime contractor's payment bond.[8] After quoting the Government's contention that it succeeded to the rights of the wage earners by operation of law, as effectively as if it had taken a written assignment from the wage earners covering the withheld portion of their wages, Judge Huxman said:

"* * * from the statutes and regulations as set out it seems clear that when an employer withholds the tax from an employee's wage and pays him the balance the employee has been paid in full. He has received his full wage. Part of it has gone to pay his withholding tax and the balance he has. The employer has discharged his contractual obligation to pay the full wage. Thereafter there remains only his liability for the tax which he has collected. That is a tax liability for which he alone is liable to the Government as for any other taxes which he may owe."

In the case at bar the Government is entitled to judgment against the taxpayer defendant, Zschach Construction Company, a corporation, for $31,618.35.

The remaining defendants, Pool Construction Company, Western Casualty and Surety Company, North American Casualty and Surety Reinsurance Corporation, and Excess Insurance Company of America, are entitled to judgment in their favor.

Counsel will please submit an appropriate journal entry in conformity with this opinion within ten days.

---

8. United States Fidelity & Guaranty Co. v. United States, 201 F.2d 118.