## UNITED STATES
v.
## CROSLAND CONST. CO., Inc. et al.
### Civ. No. 3580.

United States District Court,
E. D. South Carolina,
Columbia Division.

April 29, 1954.

N. Welch Morrisette, Jr., U. S. Atty., Irvine F. Belser, Jr., Asst. U. S. Atty., Columbia, S. C., for plaintiff.

Whaley & McCutchen, Columbia, S. C., for defendants, Pacific Employers Ins. Co. and American Indemnity Co.

Frank K. Sloan, Columbia, S. C., for defendant Crosland Const. Co., Inc.

WYCHE, District Judge (sitting by designation).

This action was instituted on February 24, 1953, by the United States of America for unpaid taxes due it by the defendant Crosland Construction Company, Inc. for income withholding taxes for the third and fourth quarter-year periods (periods ending September 30th and December 31st) of 1950, for all four quarter-year periods of 1951, for federal insurance contributions taxes for the third quarter-year period (period ending September 30th) of 1950, and for federal unemployment taxes for the years 1949, and 1950. The total amount of taxes

claimed to be owing the Government by the taxpayer, including interest and penalties, is $37,390.41. By its amended answer, the taxpayer denies any tax liability in excess of $32,382.95, including interest and penalties. The defendants Pacific Employers Insurance Company and American Indemnity Company are sureties on the taxpayer's performance bond issued pursuant to a construction contract between taxpayer and the Newberry County Memorial Hospital, Newberry, South Carolina. The construction contract was entered into June 10, 1949, in the amount of $224,701. The taxpayer and the sureties entered into a performance bond bearing date of June 29, 1949. The taxpayer's application for contract bond bears date of July 6, 1949. Of the total taxes due the Government, only $2,484.31, arise from performance of the hospital contract; the remainder is from other construction contracts performed by the taxpayer during the same or at about the same time as the hospital contract.

It does not appear that the sureties were involved in any job other than the Newberry Hospital. The taxpayer answered the complaint and subsequently filed an amended answer which admits its liability for taxes in the amount of $32,382.95, but denies liability for any amount in excess of that sum. Taxpayer further denies any liability on the part of the sureties for any of taxpayer's unpaid taxes, on their performance bond or otherwise.

The sureties served notice of a motion for an order dismissing the complaint as to them on the ground that it failed to state a claim upon which relief could be granted. Subsequently, the Government moved for leave to amend its complaint, which motion was granted in an order of the court dated December 2, 1953, with leave to the defendants to file amended answers, motions, or to otherwise plead to the complaint as amended. Thereafter the sureties amended their previous motion to dismiss by filing an amendment thereto.

The case is now before me upon the amended motion of the sureties to dismiss. Arguments were based on the pleadings and affidavits submitted by the parties. The affidavits having been made a part of the record and having been considered by the court, I stated that the motion to dismiss on behalf of the sureties would be treated as a motion for summary judgment under Rule 12(b), Fed.Rules Civ.Proc. 28 U.S.C.A.; no objection was made thereto by any party and the motion will be so treated.

The Collector of Internal Revenue received the assessment lists for withholding taxes as follows:

| Period Ended | Assessment List Rec'd | Notice and Demand |
|---|---|---|
| 9–30–50 | 12–14–50 | 12–27–50 |
| 12–31–50 | 4–16–51 | 4–20–51 |
| 3–31–51 | 5–17–51 | 6–6–51 |
| 6–30–51 | 9–19–51 | 9–25–51 |
| 9–30–51 | 1–3–52 | 1–3–52 |
| 12–31–51 | 3–13–52 | 3–14–52 |

The Collector of Internal Revenue received the assessment list for federal insurance contributions taxes on December 14, 1950, notice and demand for payment being made on December 27, 1950.

The Collector of Internal Revenue received the assessment lists for federal unemployment taxes for 1949, on March 19, 1951, and for 1950, on April 7, 1952.

The Government filed notices of tax liens for the unpaid taxes on July 20, 1951 (for $29,782.72) and January 9, 1952 (for $8,501.65) in the offices of the Clerk of Court, Richland County, Columbia, South Carolina, and the Clerk of Court, United States District Court, Eastern District of South Carolina, Charleston, South Carolina.

On January 5, 1952, and long after construction on the hospital contract had been completed, the taxpayer executed a written assignment to the sureties of retained percentages or sums due taxpayer on the hospital contract, in consideration of the sureties' payment of certain outstanding claims of materialmen and sub-contractors against the taxpayer incurred in the performance of the hospital contract. These claims were paid by the sureties, which they were obligated to do under their bond, and they suffered losses thereby in excess of $3,000, over and above the amount of the retainage. All work had been completed on the Newberry Hospital before January 5, 1952; the sureties did not supervise any work or complete the same.

On January 10, 1952, the Government served a levy on the Newberry County Memorial Hospital for payment of $40,198.63, in taxes claimed due by taxpayer. The total amount then remaining unpaid under the construction contract was $24,187.35. This amount was paid to the sureties by the hospital on November 6, 1952, by reason of the assignment of January 5, 1952.

The Government claims it has a lien under Title 26 U.S.C.A. §§ 3670, 3671, 3672 and related sections, on the $24,187.35, assigned to the sureties by taxpayer and paid to them by the hospital, superior to the written assignment or any lien or claim of the sureties to this sum. The Government also asserts that even without a prior and superior lien under the statutes, it is entitled to priority in payment over the sureties by reason of the so-called "priority" statute, Section 3466, R.S., 31 U.S.C.A. § 191. In addition, the Government claims the sureties are liable on their performance bond in the amount of $2,484.31, for the taxes owed by taxpayer from performance of the hospital contract.

The Government has a lien on all property of the taxpayer by statute. 26 U.S.C.A. § 3670. The lien arose at the time the assessment lists were received by the Collector. 26 U.S.C.A. § 3671. The first assessment lists received by the Collector were those received on December 14, 1950.

By paying the materialmen and sub-contractors on the hospital contract, upon the taxpayer's inability to pay, the sureties did what they were required to do under their performance bond. The assignment of January 5, 1952, was executed and thereafter the sureties paid the materialmen and sub-contractors. But even without the assignment of January 5, 1952, the sureties were required to satisfy the claims of these unpaid materialmen and sub-contractors under the terms of the performance bond.

▋ Upon the sureties' performance under their bond obligation, they acquired an equitable lien against any sum remaining in the hands of the one for whose protection the bond was given. This lien relates back to the date of the contract and is superior to any lien arising thereafter. Prairie State Nat. Bank of Chicago v. United States, 164 U.S. 227, 17 S.Ct. 142, 41 L.Ed. 412; Henningsen v. U. S. Fidelity & Guaranty Co., 208 U.S. 404, 28 S.Ct. 389, 52 L.Ed. 547; Town of River Junction v. Maryland Casualty Co., 5 Cir., 110 F.2d 278, certiorari denied 310 U.S. 634, 60 S.Ct. 1077, 84 L.Ed. 1404; Standard Acc. Ins. Co. of Detroit, Mich. v. Federal Nat. Bank, 10 Cir., 112 F.2d 692, affirmed on rehearing, 10 Cir., 115 F.2d 34; Exchange State Bank v. Federal Surety Co., 8 Cir., 28 F.2d 485, 488; Claiborne Parish School Bd. v. Fidelity & Deposit Co. of Maryland, 5 Cir., 40 F.2d 577, 579; Maryland Casualty Co. v. Dulaney Lumber Co., 5 Cir., 23 F.2d 378, 380; Fidelity & Deposit Co. of Maryland v. Union State Bank, D.C. Minn., 21 F.2d 102, 104; In re Van Winkle, D.C.Ky., 49 F.Supp. 711; United States Fidelity & Guaranty Co. v. John R. Alley & Co., D.C.Okl., 34 F.Supp. 604; Southern Surety Co. v. J. R. Holden Land & Lumber Co., 8 Cir., 14 F.2d 411, 413; American Fidelity Co. v. Delaney, D.C. Vt., 114 F.Supp. 702. It is superior to the Government's lien for unpaid taxes. American Surety Co. of New York v. City of Louisville M. H. Comm., D.C.Ky., 63 F.Supp. 486, affirmed Glenn v. Ameri-

can Surety Co., 6 Cir., 160 F.2d 977; United States Fidelity & Guaranty Co. v. United States, 10 Cir., 201 F.2d 118; New York Casualty Co. v. Zwerner, D.C. Ill., 58 F.Supp. 473; American Fidelity Co. v. Delaney, D.C.Vt., 114 F.Supp. 702. The performance bond was executed on June 29, 1949; therefore, the sureties' lien is superior to any lien arising thereafter, including the Government's lien for taxes which dates from December 14, 1950.

■ In addition to an equitable lien, the sureties have a written assignment of any funds remaining in the possession of the hospital under the provisions of the application for contract bond. Such a provision is valid and enforceable. Lacy v. Maryland Casualty Co., 4 Cir., 32 F. 2d 48. Accordingly, the rights of the sureties to the funds remaining in the hands of the hospital were not determined solely by the assignment of January 5, 1952, but by the bond and application therefor (in view of the sureties' performance under the bond) and by the sureties' equitable lien.

■ The Government's rights to the funds in the hands of the hospital are no greater than the rights of the taxpayer. F. H. McGraw & Co. v. Sherman Plastering Co., D.C.Conn., 60 F.Supp. 504, affirmed, 2 Cir., 149 F.2d 301, certiorari denied 326 U.S. 753, 66 S.Ct. 92, 90 L.Ed. 452; United States Fidelity & Guaranty Co. v. United States, 10 Cir., 201 F.2d 118.

■ Upon performance under its bond, a surety is subrogated to the rights of the obligee to any funds remaining in possession of the latter which were retained under the contract with the principal. Farmers' Bank v. Hayes, 6 Cir., 58 F.2d 34; Lacy v. Maryland Casualty Co., supra. See, American Surety Co. of New York v. Bethlehem Bank, 314 U.S. 314, 62 S.Ct. 226, 86 L.Ed. 241; In re Baltimore Pearl Hominy Co., 4 Cir., 5 F. 2d 553.

The Government's claim of priority over the sureties to the funds retained by the hospital is based on Section 191, 31 U.S.C.A., which gives the United States priority in payment of funds of an insolvent under certain conditions. It is claimed that the taxpayer was without sufficient assets to meet its obligations and was therefore insolvent at the time of the assignment of January 5, 1952. It is admitted by the taxpayer that it was without assets sufficient to meet its obligations some time prior to this assignment. In that sense the taxpayer is and was insolvent. However, the taxpayer continued in business after this assignment and, in fact, still is in business. No claim is made that the taxpayer has been adjudged a bankrupt or that receivership or bankruptcy proceedings have been brought against it or that it has made a general assignment for the benefit of creditors.

■ The "priority" statute applies only to cases involving some type of insolvency court proceedings disposing of an insolvent's estate. Conard v. Atlantic Insurance Co., 1 Pet. 386, 7 L.Ed. 189; United States v. Oklahoma, 261 U.S. 253, 43 S.Ct. 295, 67 L.Ed. 638; Bramwell v. U. S. Fidelity Co., 269 U.S. 483, 46 S.Ct. 176, 70 L.Ed. 368; Glenn v. American Surety Co., 6 Cir., 160 F.2d 977; Davis v. Pringle, 4 Cir., 1 F.2d 860, affirmed 268 U.S. 315, 45 S.Ct. 549, 69 L.Ed. 974; Davis v. Miller-Link Lumber Co., 5 Cir., 296 F. 649; United States v. The Pomare, D.C.Hawaii, 92 F.Supp. 185; American Surety Co. v. City of Louisville M. H. Comm., D.C.Ky., 63 F.Supp. 486, affirmed, Glenn v. American Surety Co., 160 F.2d 977; New York Casualty Co. v. Zwerner, D.C.Ill., 58 F.Supp. 473; United States v. Woodside, D.C.S.C., 34 F. Supp. 281. See also, United States v. Hooe, 3 Cranch 73, 2 L.Ed. 370, 375; Prince v. Bartlett, 8 Cranch 431, 12 U.S. 431, 434, 3 L.Ed. 614; Brent v. Bank of Washington, 10 Pet. 596, 611, 9 L.Ed. 547; Beaston v. The Farmers' Bank of Delaware, 12 Pet. 102, 132, 9 L.Ed. 1017; and In re Baltimore Pearl Hominy Co., D.C.Md., 294 F. 921, reversed on other grounds, 4 Cir., 5 F.2d 553. This is not a proceeding involving the disposition of

an insolvent's estate; therefore, the "priority" statute has no application.

Whether the sureties are liable on their bond for the taxpayer's taxes resulting from performance of the hospital contract will now be determined. Taxes owed by the taxpayer are owed by virtue of law and not because of any contractual relationship. Central Bank v. United States, 345 U.S. 639, 73 S.Ct. 917, 97 L. Ed. 1312; United States Fidelity & Guaranty Co. v. United States, 10 Cir., 201 F.2d 118. See, American Fidelity Co. v. Delaney, D.C.Vt., 114 F.Supp. 702; New York Casualty Co. v. Zwerner, D.C. Ill., 58 F.Supp. 473; Westover v. William Simpson Construction Co., 9 Cir., 209 F. 2d 908.

Sums withheld by the taxpayer from the wages of its employees do not constitute "wages" within the terms of a surety's bond for wages. United States Fidelity & Guaranty Co. v. United States, supra; United States v. Zschach Const. Co., D.C.Okl., 110 F.Supp. 551 (holding that a surety's bond is to indemnify the owner and not the United States for taxes). The sums retained by the hospital and assigned by the taxpayer to the sureties were for payment of materialmen and sub-contractors and no part of this sum was used to pay wages of employees of the taxpayer. But even if the sureties had paid wages owing to the employees of the taxpayer, the sureties still would not be liable for the taxes in this case. See, United States Fidelity & Guaranty Co. v. United States, supra; American Fidelity Co. v. Delaney, supra; Westover v. William Simpson Construction Co., supra. It follows that the sureties are not liable on their bond for the taxpayer's unpaid taxes arising from the hospital contract.

Accordingly,

It is ordered, that the defendants Pacific Employers Insurance Company and American Indemnity Company, sureties, have judgment entered in their favor, and

It is so ordered.