UNITED STATES of America, for the USE and BENEFIT of F. J. GREGG and W. L. Budlong; R. Hugh Haynes, trading as Service Plumbing and Heating Company; W. A. Browne, trading as Cavalier Electric Company; R. Lee White, trading as Lee White Hardware Company, Plaintiff,

v.

SEABOARD ENGINEERING CORPORATION and U. S. Casualty Company, a New York Corporation, Defendants.

Civ. No. 344.

United States District Court, E. D. Virginia, Newport News Division.

Sept. 3, 1954.

John M. Hollis, Asst. U. S. Atty., Norfolk, Va., and Jerome Fink, Special Asst. to the Atty. Gen., Washington, D. C., for the Government.

E. Sclater Montague, Hampton, Va., Maurice B. Shapero, Norfolk, Va., for U. S. Cas. Co.

WILKIN, District Judge (by designation).

This case was heard on exceptions to the report of the Special Master. At the time of the hearing, the claim of the Service Plumbing and Heating Company was settled by agreement of all parties, and the United States withdrew its exception No. 2. The only question that remained for submission to this court was whether the Special Master erred in finding that the United States was not entitled to recover from the Casualty Company the sum which the surety's principal, Seaboard Engineering Corporation, withheld from wages of its employees in accordance with provisions of the Internal Revenue laws, but failed to pay to the Collector of Internal Revenue.

The leading case on the issue before this court is United States Fidelity & Guaranty Co. v. United States, 10 Cir., 201 F.2d 118, 122. The contentions of the Government were rejected by the Court of Appeals for the Tenth Circuit. The decision in that case has been followed in the Ninth Circuit and in other cases. The issue was clearly raised and fully discussed in the majority opinion and in the dissenting opinion by Circuit Judge Pickett. This court can add nothing to what was said in those opinions, but it seems quite clear to this court that the dissent has better reason in its support. This court concurs heartily with the judgment of the District Court, which by majority opinion the Circuit Court reversed, and also with the reasons assigned by Judge Pickett for his dissent. As he points out, the United States, by operation of law, stands in the same position as an assignee of wages. Judge Pickett closes his opinion by saying:

"In determining whether the amounts withheld are part of wages earned or strictly a tax, the provisions of the Miller Act and the bond should be given a liberal construction to require full coverage of the bond."

No other construction than that asked by the United States in this case will fulfill the manifest intent and purpose of the Miller Act, 40 U.S.C.A. § 270a et seq., and the very reason for the requirement of the surety bond. The sound administration of the laws involved requires that the income from wages withheld be definite and certain, and that can not be if sureties are not held to their contract for full payment of the wages.

At the time of oral argument on July 21, 1954, it was conceded that the Court of Appeals for the Fourth Circuit had not considered the issue raised here. Since that time an appeal has been instituted by the United States in the case of United States v. Crosland Construction Co., D.C.E.D.S.C., 120 F.Supp. 792. Since this case was submitted prior to that appeal, the parties here and the Court of Appeals are entitled to the judgment of this court on the issue. If the case had not been submitted, it would seem better practice for this court to defer action until after the ruling of the Court of Appeals in the South Carolina case.

It is the judgment of this court that the report of the Special Master should be amended. Among the claims filed with the Special Master was a claim of the United States for the employees' portion of Federal Insurance Contributions Act, 26 U.S.C.A. § 1400 et seq., taxes and Federal Income Withholding taxes owed by Seaboard for the second quarter of 1952 and arising out of the performance of the construction contracts. The claim was for the following amounts:

|  | Withholding Taxes | F.I.C.A. Taxes |
|---|---|---|
| Army Contract | $ 468.45 | $ 59.78 |
| Navy Contract | 623.45 | 83.75 |
|  | $1091.90 | $143.53 |

The Special Master denied the claim of the United States solely on the ground

that this claim was not within the coverage of the surety's bonds. The report should be amended so as to allow that claim of the United States, in the total sum of $1,235.43, together with the other claims against those bonds. In other respects, the report of the Special Master is approved and confirmed.