SCOTT, Respondent v. ZION EVANGELICAL LUTHERAN CHURCH et al., Appellants

(70 N. W.2d 326)

(File No. 9464. Opinion filed May 18, 1955)

**Clinton G. Richards,** U. S. Atty., **K. J. Morgan, Lyle E. Cheever,** Asst. U. S. Attys., Sioux Falls, for Intervener and Appellant.

**Donald J. Porter,** Chamberlain, for Plaintiff and Respondent.

ROBERTS, J. This action was brought to recover amounts due for materials furnished defendant Nemmers in the performance of his contract for the construction of a church building for defendant Zion Evangelical Lutheran Church of Chamberlain. The United States of America, appellant herein, intervened seeking to recover $5,159.97 due the government as income withholding and employment taxes. C. H. Entsminger Lumber Company was also admitted as an intervener asserting claims for materials furnished the contractor. Defendant by its answer tendered into court $1,355.59 which was admitted to be the amount due under the contract. From the judgment in favor of the plaintiff for the amount so withheld and dismissing the complaints in intervention, the government has taken this appeal.

The facts are not in dispute. On May 24, 1949, defendant J. R. Nemmers entered into a contract with the Zion Evangelical Lutheran Church of Chamberlain for the construction of the church building for the contract price of $51,371. The church paid to Nemmers upon the contract price $44,618.91. The architect in charge of the construction made his final inspection and reported that it would cost $5,396.50 to complete the building in accordance with the plans and specifications. The difference between the contract price and the amounts paid by the church plus what it would cost the defendant to complete the building as provided in the contract was the aforementioned sum of $1,355.59. The defendant church for the purpose of assuring payments of claims due persons supplying labor or materials for the work reserved the right to withhold certain payments. The contract provided: "Neither the final payment nor any part of the retained percentage shall become due until the contractor, if required, shall deliver to the owner a complete re-

lease of all liens arising out of the contract, or receipts in full in lieu thereof and, if required in either case, an affidavit that so far as he has knowledge or information the releases and receipts include all the labor and material for which a lien could be filed."

It appears from the record that plaintiff filed on November 10, 1951, a statement and notice of its claim for mechanic's lien pursuant to the provisions of SDC 39.07. The demands of the government are made under the Internal Revenue Code, 26 U.S.C.A. §§ 3670, 3671, 3672. Section 3670 provides: "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount * * * shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." Section 3671 provides that the lien arises when the assessment lists are received by the collector unless some other date is prescribed by law. Section 3672 provides that the lien shall not be valid as against mortgagees and others therein enumerated until notice thereof has been filed in the office provided by the law of the state for such filing. Th first notice of liens for unpaid taxes was filed by the government in the office of the Register of Deeds of Brule County in December, 1949. Numerous notices were subsequently filed. Plaintiff contends that the contractor had no "property" or "rights to property" within the meaning of the federal statute in the fund so long as there were claims outstanding and unpaid and so long as defendant church had the right to withhold and apply the same and that there was no property to which the government liens could attach.

■ ■ In F. H. McGraw & Co. v. Sherman Plastering Co., D.C., 60 F.Supp. 504, 511, affirmed 2 Cir., 149 F.2d 301, certiorari denied 326 U.S. 753, 66 S.Ct. 92, 90 L.Ed. 452, the defendant subcontractor was indebted to the United States on account of social security taxes and had defaulted in payment of claims of materialmen. There the court said: "But never since the asserted lien was claimed to have attached did Sherman have any 'property' or 'right to property,' within the meaning of Sec. 3670 of the Code, arising from its subcontract with McGraw. * * * As a result, at no time since

it furnished the labor and materials has Sherman been in a position to demand from McGraw the full payment stipulated in the subcontract; it was entitled to receive from McGraw only the contract price less the amount of its unpaid indebtedness to Blackburn and Milcor. Since the amount owed by Sherman to Blackburn and Milcor exceeded the balance due to Sherman on the contract price, Sherman had no 'right of property' in the unpaid contract to which the Government's claimed lien could attach. And merely by assertion of a lien the rights of the Government rose 'no higher than those of the taxpayer whose right to property is sought to be levied on.' " For other decisions in the federal courts sustaining this interpretation that the rights of the United States do not extend beyond those of the taxpayer whose property is sought to be subjected to its liens, see Karno-Smith Co. v. Maloney, 3 Cir., 112 F.2d 690; New York Casualty Co. v. Zwerner, D.C., 58 F.Supp. 473; United States v. Graham, D.C., 96 F.Supp. 318, affirmed State of California v. U. S., 9 Cir., 195 F.2d 530, certiorari denied 344 U.S. 831, 73 S.Ct. 36, 97 L.Ed. 647; Metropolitan Life Ins. Co. v. United States, 6 Cir., 107 F.2d 311; United States v. Crosland Const. Co., D.C., 120 F.Supp. 792; United States v. Warren R. Co., 2 Cir., 127 F.2d 134. See also Robertson v. Huntley & Blazier Co., 351 Ill.App. 378, 115 N.E.2d 533; Bankers Title & Abstract Co. v. Ferber Co., 15 N.J. 433, 105 A.2d 408; United States Fidelity & Guaranty Co. v. Triborough Bridge Authority, 297 N.Y. 31, 74 N.E.2d 226; United States v. Yates, Tex. Civ.App., 204 S.W.2d 399.

The cases cited by appellant are distinguishable. In United States v. Security Trust & Sav. Bank, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53, upon which appellant principally relies, the federal tax lien and an attachment under a state statute were applicable to the same property. The government had in fact acquired a lien on the property of the taxpayer and the court was concerned with the question of the priority of liens. The question in the instant case is not one of priority and perfection of liens. The decisive question is what amount under the contract was due to Nemmers. The contractor had no property right in so much of the fund in the hands of the church as was necessary for the payment of claims of materialmen and the government cannot claim

more than the tax debtor Nemmers was entitled to. It follows for the reasons stated that the trial court was correct in its holding.

The judgment below is affirmed.
All the Judges concur.