81 So.2d 747 (1955)
PIERCE CONTRACTORS, Inc., a Florida corporation, Appellant,
v.
PEERLESS CASUALTY COMPANY, Appellees.
Supreme Court of Florida. Special Division B.
July 27, 1955.
*748 Marx M. Faber, Miami, for appellant.
Blackwell, Walker & Gray, Miami, for appellee.
TERRELL, Justice.
Appellant, as plaintiff, sued Conn Structors and Peerless Casualty Company in the Circuit Court, Dade County, to recover for amounts due on a construction contract. The complaint shows that Conn Structors was the general contractor who agreed to construct certain installations at the Charleston Air Base and that Peerless Casualty Company executed a surety bond agreeing to pay all bills for labor and material which might be furnished for the project and that they had not been paid for. Appellant was a sub-contractor of Conn Structors. Peerless Casualty Company moved to dismiss the complaint on the ground that the surety bond was posted under the Miller Act, Title 40 U.S.C.A. § 270a, which lodged sole jurisdiction of suits thereunder in the United States District Court in the district where the contract was to be performed and being so suit could be brought only in the Eastern District of South Carolina. The motion to dismiss was granted as to Peerless Casualty Company for want of jurisdiction. Pierce Contractors, Inc., a Florida corporation, appealed.
The point for determination is whether or not the sub-contractor of the general contractor must comply with the jurisdictional provisions of the Miller Act and bring suit in the United States District Court in the Eastern District of South Carolina where the bond was made and the contract was to be performed.
Appellant contends that this is not an action on the bond under the Miller Act but that it is a complaint for breach of a contract. It is shown, however, that Peerless Casualty Company "executed a bond as guarantee that the general contractor would pay all bills for labor and material" and being so the bond given under the Miller Act is relied on for recovery in the suit brought in Dade County.
We do not think there is any merit to this contention. The jurisdictional provision of the Miller Act is as follows:
"Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in controversy in such suit, but no such suit shall be commenced after the expiration of one year after the date of final settlement of such contract. The United States shall not be liable for the payment of any costs or expenses of any such suit. Aug. 24, 1935, c. 642, § 2, 49 Stat. 794." 40 U.S.C.A. § 270b. (Emphasis supplied.)
*749 Under the terms of the Miller Act as thus written we think the Circuit Court of Dade County was without jurisdiction to consider the case, hence the motion to dismiss was properly granted. Gardner v. Roberts-Nash Construction Corporation, (Sup.) 104 N.Y.S.2d 657; United States v. Zschach Const. Co., D.C.Okl., 110 F. Supp. 551.
Since recovery of the claim in question was based solely on the bond written under the Miller Act which vests exclusive jurisdiction of suits against the bonding company in the United States District Court for the district where the contract is to be performed and not elsewhere, the decree appealed from must be and is hereby affirmed.
Affirmed.
DREW, C.J., and THOMAS and THORNAL, JJ., concur.